| | |
|---|---|
| Rodney Belle, Jr., | CASE NO. 09cv2563 WQH (POR) |
| Plaintiff, | ORDER |
| vs. | |
| Deutsche Bank Trust Company, et al., | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HAYES, Judge:

The matter before the court is Plaintiff Rodney Belle, Jr.'s Motion for Leave to Proceed In Forma Pauperis. (Doc. # 2).

## BACKGROUND

On November 13, 2009, Plaintiff, proceeding pro se, initiated this action by filing a complaint. (Doc. # 1). On November 13, 2009, Plaintiff also filed the Motion to Proceed In Forma Pauperis ("IFP"). (Doc. # 2).

## ANALYSIS

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis

1  pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.
2  2009).

3        In his affidavit accompanying the Motion to Proceed IFP, Plaintiff states that he is
4  unemployed, that he receives no income, that he has a checking account with a balance of
5  $10.00, that he has no savings, and that he has no significant assets.  (Doc. # 2 at 2-3).
6  Plaintiff states that he is supported by his father.  *Id.*  The Court has reviewed Plaintiff's
7  affidavit of assets and finds it sufficient to show that Plaintiff is unable to pay the fees or
8  post securities required to maintain this action.  The Court therefore grants the Motion to
9  Proceed IFP pursuant to 28 U.S.C. § 1915(a).

10  **II.   Initial Screening Pursuant to 28 U.S.C. § 1915(a)**

11        After granting IFP status, the Court must dismiss the case if the case "fails to state a
12  claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B).

13        The standard used to evaluate whether a complaint should be dismissed is a liberal
14  one, particularly when the action has been filed pro se.  *See Estelle v. Gamble*, 429 U.S. 97,
15  97 (1976).  However, even a "liberal interpretation . . . may not supply elements of the
16  claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d
17  266, 268 (9th Cir. 1982).

18        A complaint "is frivolous where it lacks an arguable basis either in law or fact.
19  [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable
20  legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams,* 490 U.S.
21  319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  When
22  determining whether a complaint is frivolous, the Court need not accept the factual
23  allegations as true, but must "pierce the veil of the complaint," to determine if the
24  allegations are "fanciful," "fantastic," or "delusional."  *Denton v. Hernandez*, 504 U.S. 25,
25  32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

26        Plaintiff named Deutsche Bank Trust Company, Ameriquest Mortgage, a private
27  attorney in Massachusetts, the Temecula Police Department, an officer with the Riverside
28  Police Department, and a lieutenant judge as defendants.  (Doc. # 1 at 1).  The complaint

1 states that it is brought under the Federal Tort Claims Act, is an action seeking to enforce
2 public accessibility, is brought under RICO, is a police brutality suit, and is against
3 predatory lenders. *Id.* The complaint further requests "Special Grand Jury Investigation
4 and Indictments [Impeachment] for Violation and Obstruction of Proceeding of
5 Legislative." *Id.* The complaint seeks damages of "One Billion Dollar lawful money per
6 day . . . ." *Id.* at 20. The following is an example of the allegations in the complaint:

> The Plaintiffs Rodney Belle Jr. Attest and further Declared after federal judge Boyko Chastised the Deutsche Bank/Ameriquest Mortgage who Fear of Criminal Indictment and Prosecution for securities Fraud of Foreign security none original Trustee Deutsche Bank Trust Company Received by Process Server at place of business a Quiet Title Action from the Former Owner from the same Federal United States District Court, in a Spurious Atttempt the CEO Deutsche Bank Trust Company/Americquest Mortgage Foreclosures before the 90 day Sale date , Knowing purchase of the foreign none register securities in question , the   are credibly informed and believe, and upon such information and belief allege, defendant Negligence / SELF HELP and False arrest for Predator Insolvent Lenders was willful and operation under the color of state law and office with the intent to cause harm to the owner and successor . . . . [T]he Riverside Sheriff Department does 1-100 and Marietta Police department should be impeach and Malfeasant Mrs. Bass should be subject to this government Tort , for Outrageous and Unethical Business Practice of Declared Domestic War on the General Public at Large . . . . the Plaintiff Reservation of Rights, waiver of rights, none ever to Criminal Class Action Complaint for the US Supreme Court /  Congress and the US Senate Appoint a Special Article III Court Proceeding , and appoint of Article III Justice & Common Law Proceeding, to  Review allegation of Sedition by Governmental agents, Self Help, etc, . . . .

Id. at 9, 21-22. The complaint contains twenty-two pages of incoherent allegations similar to the example quoted above. The complaint does not allege any legal basis under which Plaintiff is entitled to relief. The allegations in the complaint are insufficient to put Defendants on notice of the claims against them, as required by Rule 8 of the Federal Rules of Civil Procedure.[1] The Court finds that Plaintiff fails to state a claim on which relief can be granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Proceed In Forma Pauperis (Doc. # 2) is **GRANTED**. The complaint is **DISMISSED** without prejudice, and this case shall be closed.

DATED: November 24, 2009

**WILLIAM Q. HAYES**
United States District Judge